EXHIBIT C


**TDI** | **Texas Department of Insurance**

PO Box 149104 | Austin, TX 78714 | 1-800-578-4677 | tdi.texas.gov

RECEIVED

MAR 26 2019

Law Dept.

March 21, 2019

USPS Certified Mail No.
9214 8901 9403 8380 3624 48
Return Receipt Requested

Bryan W. Sanders, President
Evanston Insurance Company
10 Parkway North
Deerfield, IL 60015

Re:  Cause No. 2019-DCV-1115-E; styled *Shumei Liu vs. Evanston Insurance Company*;
in the 148th Judicial District Court, Nueces County, Texas

Dear Sir:

Service of Process has been requested through the Commissioner of Insurance.  Enclosed please find citation and Plaintiff's Original Petition, Requests for Disclosure, First Set of Interrogatories, Requests for Production and Requests for Admissions and Exhibits A, B, and C in the above referenced matter.  These documents were served upon the Commissioner of Insurance on March 18, 2019.

Sincerely,

*Tish Wilhelm*

Tish Wilhelm
Program Specialist

enclosures

Texas Department
of Insurance
MC 113-2A
333 ___ ___ualupe
___ ___, TX 78701



EVANS___ ON INSURANCE COMPANY
BRY___ W SANDERS PRESIDENT
1___ ARKWAY NORTH
___ERTFIELD IL 60015

USPS CERTIFIED MAIL

9214 8901 9403 8380 3624 48

CERTIFIED MAIL™

neopost
03/21/2019
US POSTAGE $007.15°

ZIP 78701
041M12252405

**Citation for Personal Service – Commissioner of Insurance**                    ¯INAL

Case Number: 2019DCV-1115-E

THE STATE OF TEXAS

    NOTICE TO DEFENDANT:   You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO:  **Evanston Insurance Company  10 Parkway North Deerfield IL 60015**

the Defendant by serving in **DUPLICATE** copies to the COMMISSIONER OF INSURANCE, **C/O KEN SULLIVAN  333 GUADALUPE STREET  AUSTIN TX  78701.**

GREETING:   You are commanded to appear by filing a written answer to the **Plaintiff's Original Petition Attached With Exhibits** at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable **Carlos Valdez**, **148th District Court** of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas.  Said **Petition** was filed on the 8th day of March, 2019. A copy of same accompanies this citation.

The file number of said suit being Number:   2019DCV-1115-E

The style of the case is:  **Shumei Liu  vs.  Evanston Insurance Company**

Said petition was filed in said court by Timothy P. Dowling attorney for Plaintiff, whose address is 1001 Third St Ste 1  Corpus Christi Tx  78404.

    The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

    The officer executing this writ shall promptly mail the same according to requirement of law, and the mandates thereof, and make due return as the law directs.

    Issued and given under my hand and seal of said court at Corpus Christi, Texas, this 13th day of March, 2019.

**ANNE LORENTZEN, DISTRICT CLERK**
NUECES COUNTY, TEXAS
901 LEOPARD STREET, ROOM 313
CORPUS CHRISTI, TEXAS 78401

BY: _Nadia R. Contreras_____, Deputy
        Nadia Contreras

## RETURN OF SERVICE

2019DCV-1115-E

**SHUMEI LIU**
**VS.**
**EVANSTON INSURANCE COMPANY**

148TH DISTRICT COURT

_____
Name

**ADDRESS FOR SERVICE**
**Evanston Insurance Company**
**10 Parkway North**
**Deerfield IL 60015**

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20_____, at _____ o'clock ___. m., and executed in _____ County, Texas by delivering to the within named defendant in person, a true copy of this Notice of Petition to Suspend License with the date of delivery endorsed thereon, together with the accompanying copy of the _____ _____, at the following times and places, to-wit:

| NAME | DATE/TIME | PLACE, COURSE & DISTANCE FROM COURTHOUSE |
|------|-----------|-------------------------------------------|
| | | |

And not executed as to the defendant(s), _____
The diligence used in finding said defendant(s) being:

and the cause of failure to execute this process is:

and the information received as to the whereabouts of said defendant(s) being:

| Fees: | | | Officer |
|-------|--|--|---------|
| Serving Petition and Copy | $_____ | _____, | County, Texas |
| Total | $_____ | By _____, | Deputy |

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a Citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my
                    (First, Middle, Last)

address is _____
                    (Street, City, State, Zip, Country)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of
of _____, 20_____.

_____
Declarant / Authorized Process Server

_____
ID# & Expiration of Certification

Filed
3/8/2019 11:44 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. _____2019DCV-1115-E_____

| | | | |
|---|---|---|---|
| SHUMEI LIU | | § | |
| | PLAINTIFF | § | IN THE DISTRICT COURT |
| | | § | |
| v. | | § | _____ JUDICIAL DISTRICT |
| | | § | |
| | | § | |
| | | § | |
| EVANSTON INSURANCE | | § | |
| COMPANY | | § | |
| | DEFENDANT | § | NUECES COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THE ABOVE COURT:

Plaintiff Shumei Liu ("Ms. Liu" or "Plaintiff") hereby files her Original Petition against Defendant Evanston Insurance Company ("Evanston Insurance" or "Defendant"), and for cause would respectfully show the Court the matters set forth below.

### I.    DISCOVERY

1.    Discovery is intended to be conducted pursuant to Texas Rule of Civil Procedure 190.4 (Level 3). At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

### II.    PARTIES

2.    Plaintiff is a natural person who is a citizen of China who presently resides in Japan. At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

3.     Evanston Insurance may be served with process by Certified Mail, Return Receipt Requested, to the Texas Commissioner of Insurance, c/o Ken Sullivan, at 333 Guadalupe Street, Austin, Texas 78701. The Texas Commissioner of Insurance is requested to serve Evanston Insurance via Certified Mail Return Receipt Requested to the agent of service for Evanston Insurance at the address listed with the Texas Department of Insurance, 10 Parkway North, Deerfield, Illinois 60015 or such other address on file with the Texas Commissioner of Insurance. Evanston Insurance is in the insurance business in the state of Texas. Evanston Insurance's insurance business in Texas includes at least the following: (1) entering into property insurance contracts to insure property in Texas, including property owned by Ms. Liu in Corpus Christi, Texas; (2) receiving and processing applications for insurance, as Evanston Insurance did with Ms. Liu; and (3) collecting insurance premiums for the issuance of insurance policies, including the premium payment made by Ms. Liu. Evanston Insurance in 2017 charged premiums in excess of $187,000,000.00. *See* Exhibit A hereto. This Court has personal jurisdiction over Defendant.

### III.   VENUE

4.     Plaintiff's real property that was insured by Evanston Insurance, commonly known as 1800 S. Staples, Corpus Christi Texas ("1800 Building") and 1801 S. Staples, Corpus Christi, Texas ("1801 Building"; the 1800 Building and the 1801 Building may be referred to herein as the "Properties"), are located in Nueces

2

County, Texas. The Properties were vandalized in Nueces County during the term

of the insurance policy (the "Policy") issued by Evanston Insurance covering the

Properties. Insurance adjusting work done by Brush Claims Service, Ltd. ("Brush

Country") occurred on Defendant's behalf in Nueces County, Texas. Venue of this

case properly lies in Nueces County, Texas because all or a substantial part of the

events giving rise to Ms. Liu's claims and causes of action against Defendant

occurred and accrued in Nueces County, Texas. Venue is proper in Nueces County,

Texas. Tex. Civ. Prac. & Rem. Code §15.002(a)(1); *see also* Tex. Civ. Prac. &

Rem. Code §15.005.

## IV.   FACTUAL AND LEGAL ALLEGATIONS

5.     During the time while the Policy was in effect the Properties were

extensively vandalized. This was promptly reported to Evanston Insurance.

Thereafter Brush Country investigated Ms. Liu's claims under the Policy, and on at

least two separate occasions its employee Mr. Sam Gutierrez told Evanston

Insurance that Ms. Liu's claims were policy limit claims, so therefore claims

(principal amount) totaling $2,780,000. See Exhibit B attached hereto. Evanston

Insurance has failed to pay Ms. Liu the full amount owed to her under the Policy,

and it has not provided her an adequate written determination of her claims under

the Policy, all in violation of Texas law as further alleged below.

6.     Evanston Insurance also received adjusting services from Markel

Corporation ("Markel") regarding Ms. Liu's claims under Policy. Markel states

3

publicly that it "seeks to be the premier claims handling organization in the industry and is committed to providing superior service to our customers and business partners. We hold ourselves to the highest ethical and professional standards and we provide prompt, fair, and equitable claims service. We utilize and retain the services of law firms, independent adjusters, and experts that adhere to our same standards. We communicate claims information internally and externally that is timely, accurate, and substantive." *See* Exhibit C.    Instead Evanston Insurance through Markel delayed the handling of Ms. Liu's claims and failed to properly communicate regarding her claims and Markel and/or Evanston Insurance thereby violated Texas law.

7.    Breach of contract claims. Evanston Insurance has committed a breach of contract by failing to pay Ms. Liu the full principal amount owed to her under the Policy ($2,780,000.00). It additionally breached its contractual agreement with Ms. Liu because the "Texas Changes" endorsement regarding "Claims Handling" provides that within "15 business days after [the insurer] receives[s] the signed, sworn proof of loss and all information [it] requested", it is to state in writing how it is to address the claim. The requested signed and sworn proof of loss was sent to Evanston on August 27, 2018. Evanston Insurance also stated that it would provide its written determination regarding Ms. Liu's claims under the Policy within 15 business days of receiving the transcript of an examination of Cass Gabriel. This time period expired on February 1, 2019, yet Evanston Insurance has failed to

4

provide the required timely and adequate written determination to Ms. Liu regarding her claims.

8.    <u>Violations of Chapter 541 of the Texas Insurance Code.</u>

A.    Defendant's conduct in dealing with Ms. Liu's claims under the Policy violated §541.060(a)(2) of the Texas Insurance Code, which required Defendant to in good faith "effectuate a prompt, fair, and equitable settlement" of her claims for which Defendant is clearly liable under the Policy. A violation of this statute also violates an insurer's duty of good faith and fair dealing to its insured. *See Universal Life Ins. Co. v. Giles*, 950 S.W.2d 48 (Tex. 1997).

B.    Evanston Insurance violated §541.060(a)(3) of the Texas Insurance Code by failing to promptly provide Ms. Liu a reasonable explanation for Evanston Insurance's position regarding her claims or offer the appropriate "compromise settlement" of her claims. Evanston Insurance violated §541.060(a)(4)(A) of the Texas Insurance Code by "failing within a reasonable time to affirm or deny coverage" of Ms. Liu's claims under the Policy.

C.    Evanston Insurance violated §542.055(a)(2-3) of the Texas Insurance Code by failing to timely commence an investigation of Ms. Liu's claims under the Policy, and to request from her "all items, statements, and forms" that Evanston Insurance reasonably believed at that time it would require. Evanston Insurance furthermore violated §542.056(c) of the Texas Insurance Code by not notifying Ms. Liu of the acceptance or rejection of her claims under the Policy within 15

5

days after it  received information and documentation reasonably required by
Evanston Insurance. Evanston Insurance had all of the information it needed to
properly address Ms. Liu's claims once Brush Country's adjuster Sam Gutierrez
concluded on February 6, 2018 that Ms. Liu's claims were full policy amount
claims (so therefore claims totaling $2,780,000). *See* Exhibit B.   Evanston
Insurance thereafter had 60 days (to April 9, 2018) to pay this amount. *See* Tex.
Ins. Code §542.058(a). Evanston Insurance's failure to do so means that it owes
18.0% interest to Ms. Liu for additional damages beginning on April 9, 2018
(which damages continue to accrue).

9.    Violations of the Texas Deceptive Trade Practices Act (the "DTPA").

A.    Violations of the Texas Insurance Code constitute violations of the
Texas Deceptive Trade Practices Act ("DTPA"). *See* Tex. Bus. & Com. Code
§17.50(a)(4). Plaintiff seeks all relief available to her under both the DTPA and the
Texas Insurance Code for Defendant's violations of the Texas Insurance Code and
the DTPA.

B.    Defendant's handling of Ms. Liu's claims under the Policy was
"unconscionable" within the meaning of the DTPA. The amount owed under the
Policy to Ms. Liu ($2,780,000, minus credit for payments made) constitutes
"economic damages" under the DTPA (*Vail v. Texas Farm. Mut. Ins. Co.*, 754
S.W.2d 129, 136 (Tex. 1988)), and since Defendant's conduct described herein
occurred "knowingly" and/or "intentionally" within the meaning of the DTPA

6

(DTPA §17.45(a)), Ms. Liu is entitled to recover treble damages. DTPA §17.50 (b)(1). These treble damages are also alternatively recoverable under the Texas Insurance Code. *See* Tex. Ins. Code §541.152(b). Due to Defendant's failure to comply with its statutory and contractual duties, its conduct should be found to be both "knowing" and "intentional", either of which entitles Ms. Liu to treble damages. Furthermore, Evanston Insurance's breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, as defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Plaintiff therefore seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

C.     Evanston Insurance's denial, delay, refusal, and failure to pay Ms. Liu in full is (1) a bad faith breach of the covenant of good faith it owes to its insured, (2) a breach of warranty, and is unconscionable and unfair dealing in violation of the DTPA and the Texas Insurance Code. These breaches are a proximate and producing cause of Ms. Liu's past damages and ongoing damages as a result of Evanston's Insurance failure to pay what it owes her under the Policy. There is no reasonable basis for Evanston Insurance's actions, and Evanston Insurance knows

7

(or should have known) that there is no reasonable basis to deny, delay, or fail to pay the entirety of the coverage amount under the Policy ($2,780,00.00).

   D. Defendant by accepting insurance premiums but refusing without a reasonable basis to timely pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by §17.50(a)(1)(3) of the DTPA in that Defendant took advantage of Plaintiffs' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

   E. Defendant additionally took advantage of Ms. Liu's lack of knowledge, ability, experience, or capacity to a grossly unfair degree. Evanston Insurance's conduct is actionable under DTPA §17.50(a)(1), (2) and (3) and/or the Texas Insurance Code. Evanston Insurance's conduct in the sale of the Policy and/or the handling of Ms. Liu's claims under the Policy constitutes unconscionable, false, misleading, and/or deceptive acts or practices in violation of the DTPA, which is actionable under §17.50(a)(1-3) of the DTPA, and the Texas Insurance Code.

10. <u>Common Law Bad Faith</u>. Evanston Insurance has refused to pay or delayed in paying Ms. Liu's claims after Evanston Insurance's liability had become reasonably clear. Evanston Insurance has refused to pay, delayed in paying or offered grossly inadequate and unconscionable sums to settle the claims submitted

8

by Plaintiff. This constitutes a breach of its common law duty of good faith and fair dealing. Evanston Insurance has investigated and adjusted Plaintiff's claim in a malicious, intentional, fraudulent and/or grossly negligent fashion, and Ms. Liu is entitled to extra-contractual damages, including exemplary damages. Plaintiff has sustained serious damage to her property as a result of Evanston Insurance's refusal to honor the Policy. Evanston Insurance is well aware that its actions involve an extreme risk that Ms. Liu will suffer financial damage as a result of its refusal to honor its obligations, yet it is consciously indifferent to Plaintiff's rights. Plaintiff is entitled to recover her actual damages, consequential damages, punitive damages, and pre-and post-judgment interest.

11.   <u>Other claims and recovery</u>

      A.    Defendant's conduct in dealing with Ms. Liu's claims also altneratively constitutes negligence and/or gross negligence, negligent misrepresentation, and breach of express and implied warranties, for which additional damages may be sought.  Ms. Liu's acceptance of the Policy was based on her reasonable reliance on Evanston Insurance adjusting and timely paying any claims those arose under the Policy. Defendant failed to properly adjust and fully and timely pay Ms. Liu's claims under the Policy.

      B.    Plaintiff incorporates her prior allegations above as if fully copied and set forth at length. Defendant owed a legal duty to use ordinary care in contracting, hiring, supervising, training, retaining and overseeing its employees,

representatives, and agents. Not all the employees, representatives, and agents of Defendant were competent, and some of them did not fairly and properly address her claims under the Policy. Defendant further failed in its duties to Plaintiff by failing to use ordinary care in the hiring, supervision, training, and/or retention of employees and agents of Defendant. These breaches caused substantial damages to Plaintiff, for which she seeks relief regarding addressing her claims under the Policy.

C.    Declaratory Judgment. Plaintiff re-alleges the preceding paragraphs. Pursuant to the Texas Declaratory Judgment Act, Plaintiff is entitled to a declaration that the Policy provides coverage for the cost to repair the damaged property, less only a $10,000 deductible applicable to each building, among other things. In the alternative, Plaintiff asserts that the Policy is ambiguous and must be interpreted in favor of coverage and against Defendant.

D.    Plaintiff necessarily employed the undersigned attorneys to represent Ms. Liu and agreed to pay them reasonable attorney's fees and expenses for their services. Ms. Liu is entitled to recover reasonable attorney's fees and related expenses under Texas law. *See* Tex. Civ. Prac. & Rem. Code §38.001 *et seq.*, Tex. Ins. Code §541.152 and/or §542.060(a), Tex. Bus. & Com. Code §17.50(d) (attorney's fees must be awarded to a prevailing plaintiff), and other applicable law. If this Court enters a judgment for Ms. Liu in this case, in the event of any appeal from or attack upon this judgment in any court, state or federal, direct or

indirect, including bankruptcy proceedings, she will be entitled to additional reasonable attorney's fees and expenses.

      E.    All of the conditions precedent to Ms. Liu's rights to recover against Defendants as alleged herein have been fulfilled and/or satisfied.

## V.    WAIVER AND ESTOPPEL

12.    Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter sent by Defendant to Plaintiff.

## VI.    DEMAND FOR JURY

13.    Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial, and along with the filing of her Original Petition she has tendered to the Clerk of the Court the statutory jury fee.

## VII.    CONCLUSION AND REQUEST FOR RELIEF

14.    Ms. Liu sues to recover for all of the damages she is legally entitled to recover, the amount of which exceeds the jurisdictional minimum limit of this Court, and is within the jurisdictional limit of this Court. Ms. Liu also seeks to recover applicable pre-judgment interest, post-judgment interest, reasonable attorney's fees and expenses, and all other relief to which she is entitled.

15.    Based on the foregoing, Ms. Liu requests that Defendant Evanston Insurance be cited to appear and answer herein, and that upon final hearing of this cause, she have and recover judgment of and from Defendant as alleged herein, including the

amount owed under the Policy by Evanston Insurance to Ms. Liu, all other compensatory or consequential damages, exemplary or treble damages, pre-judgment (see, e.g., paragraph 8(c)) and post-judgment interest, reasonable and necessary attorney's fees and expenses, court costs, and all other relief, general and special, in law and in equity, and such other relief to which Ms. Liu is entitled.

Respectfully submitted,

/s/ Timothy P. Dowling

State Bar No. 06083900
Anderson, Lehrman, Barre & Maraist, LLP
Counsel for Plaintiff
1001 Third St., Suite 1
Corpus Christi, Texas 78404
Telephone: (361) 884-4981
FAX: (361) 884-1286
Email: tdowling@albmlaw.com

## EXHIBITS TO THE PETITION

Exhibit A:   Document that shows the amount of Evanston Insurance's premiums in 2016 and 2017

Exhibit B:   Emails of adjuster Sam Gutierrez

Exhibit C:   Markel Corporation's statement on its web site

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on March 8, 2019 a true and correct copy of the foregoing pleading was served on the persons named below in the manner indicated below:

*By first class mail and by email to ttippett@zelle.com*
Todd M. Tippett
Counsel for Evanston Insurance Company
901 Main Street, Suite 4000
Dallas, Texas 75202

*By certified mail return receipt requested*
Evanston Insurance Company
c/o Secretary
Legal Department
Markel Service, Incorporated
Ten Parkway North
Deerfield, Illinois 60015

/s/ Timothy P. Dowling

## PLAINTIFF'S REQUESTS FOR DISCLOSURE UNDER
## TEXAS RULE OF CIVIL PROCEDURE 194

Defendant is to deliver to Ms. Liu's above legal counsel its replies to the following requests for disclosure within 50 days after this discovery process is served on Defendant.

(a)     the correct names of the parties to the lawsuit;

(b)     the names, address, and telephone numbers of any potential parties;

(c)     the legal theories and, in general, the factual bases of the responding party's claims or defenses (the responding party need not marshal all evidence that may be offered at trial);

(d)     the amount and any method of calculating economic damages;

(e)     the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f)     for any testifying expert:

    (1)     the expert's name, address, and telephone number;

    (2)     the subject matter on which the expert will testify;

    (3)     the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;

    (4)     if the expert is retained by, employed by, or otherwise subjected to the control of the responding party;

        (A)     all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

        (B)     the expert's current resume and bibliography;

14

(g)     any indemnity and insuring agreements described in Rule 192.3(f);

(h)     any settlement agreements described in Rule 192.3(g);

(i)     any witness statements described in Rule 192.3(h);

(j)     in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(k)     in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party;

(l)     the name, address, telephone number of any person who may be designated as a responsible third party.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES,
## REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

Plaintiff requests that each Defendant separately (1) answer the following discovery requests separately and fully in writing under oath within 50 days of service of this lawsuit upon it; (2) produce responsive documents to Plaintiff's counsel named above within the same time period; and (3) Defendant served its answers to these discovery requests within the same time period to Plaintiff by and through her attorney of record, Timothy P. Dowling, Anderson Lehrman Barre & Maraist, LLP, 1001 Third Street, Suite 1, Corpus Christi, Texas 78404.

## INSTRUCTIONS

A.      These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.      Pursuant to the applicable rules of civil procedure, produce all documents responsive to these Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within the time period set forth above at Anderson Lehrman Barre & Maraist, LLP, 1001 Third Street, Suite 1, Corpus Christi, Texas 78404.

C.      If you claim that any document or information which is required to be identified or produced by you in any response is privileged, produce a privilege log according to the applicable Rules of Civil Procedure.

1.      Identify the document's title and general subject matter;
2.      State its date;
3.      Identify all persons who participated in its preparation;
4.      Identify the persons for whom it was prepared or to whom it was sent;
5.      State the nature of each separate privilege claimed for each document or information that is claimed to be privileged; and
6.      State in detail the facts upon which you base each separate claim of privilege.

16

D.     If you claim that any part or portion of a document contains privileged information, redact only the part(s) or portion(s) of the document you claim to be privileged.

E.     If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the portion that is not fully answered.

F.     You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

1.     You know the response made was incorrect or incomplete when made;  or
2.     You know the response, though correct or complete when made, is no longer true and complete, and the circumstances for why this has changed.

## DEFINITIONS

A.     "Defendant", "You", or "Your(s)" refers to each Defendant named in this suit separately, its (or his) agents, representatives, employees and any other entity or person acting on its (or     his) behalf.

B.     "Plaintiff" refers to the named Plaintiff in the above-captioned suit.

C.     "The Property" refers to the two properties located at the addresses covered by the Policy.

D.     "The Policy" refers to the policy issued to Plaintiff by the insurer and at issue in this lawsuit.

E.     "The Claim" means the claims for insurance benefits made by Plaintiff and at issue in the Lawsuit.

F.     Plaintiff believes Defendant has assigned October 17, 2017 as the "Date of Loss", so please use this as the Date of Loss below.

G.     "Handle" or "Handled" means investigating, adjusting, supervising, estimating, managing, settling, approving, supplying information or otherwise

17

performing a task or work with respect to the claim(s) at issue in this lawsuit, excluding purely ministerial or clerical tasks.

H.    "Lawsuit" refers to the above styled and captioned case.

I.    "Communication" or "communications" shall mean and refer to the transmission or exchange of information, either orally or in writing, and includes without limitation any conversation, letter, handwritten notes, memorandum, inter or intraoffice correspondence, electronic mail, text messages, or any other electronic transmission, telephone call, telegraph, facsimile, cable, conference, tape recording, video recording, digital recording, discussion, or face-to-face communication.

J.    As used herein the term "document" means, includes, and refers to any writing, or written material, including, without limitation thereto, any books, papers, records, photographs (digital or film), photographic negatives, files (and contents thereof), transcripts, studies, charts, graphs, maps, surveys, memoranda, contracts, proposed contracts, credit memoranda minutes, summaries, telephone records, books of account, telegrams, telecopy, email messages, telex messages, notes and minutes of meetings, interoffice communications, results of investigations, working papers, computer data (including, but not limited to, computer printout, identification of computer programs, computer floppy disks, computer hard disks (or other computer storage media, including, but not limited to, computer tape or computer floppy disk backups of data)), correspondence, notes of any event, films, or tape and/or video recordings.  To the extent not covered by the foregoing, "document" also means every writing of every type or description, and every other thing constituting any medium by which, through which, or on which any type of communication, information, or knowledge has been or may be transmitted, recorded, or preserved.  The terms "document" or "documents" also mean every copy of a document where such copy is not an identical duplicate of the original, including, but not limited to drafts. If a "document" is kept in computerized (or digital) form, produce a copy of all computerized documents requested herein on a readable CD ROM disk in the original format in which the document is (or was) typically kept (for example, if a document is kept in a Microsoft Excel spreadsheet, produce a copy of the document file in an Microsoft Excel spreadsheet format rather than some other format). Plaintiff reserves the right to request production of a paper (physical) copy to of any document if the electronic or computer produced document cannot be opened by one or more of them. Defendant is required to produce all documents in its possession or control regarding the documents requested herein.

K.   The term "referring" or "relating" shall mean showing, disclosing, averting to, comprising, evidencing, constituting, and/or reviewing.

L.   The singular and masculine form of any noun or pronoun includes the plural, the feminine, and the neuter, as necessary.

M.   The terms "identification", "identity", and "identify" when used in reference to:

   1.   Natural Persons: Means to state his or her full name (and nicknames used by the person), present and last known residential and business addresses, all telephone numbers, all email addresses, and present or last known position, and if applicable, any business affiliation with you;

   2.   Corporate Entities: Means to state its full name and any other names under which it does business, its form or organization, its state of incorporation, its present or last known address, and the identity of the officers or other persons who own, operate, or control the entity;

   3.   Documents: Means you must state the number of pages and nature of the document (e.g. letter or memorandum), its title, its date, the name or names of its authors and recipients, its present location and custodian, and if any such document was, but no longer is, in your possession or control, state what disposition was made of it, the date thereof, and the persons responsible for making the decision as to such disposition;

   4.   Communication: Requires you, if any part of the communication was written, to identify the document or documents which refer to or evidence the communication and, to the extent that the communication was non-written, to identify each person participating in the communication and to state the date, manner, place, and substance of the communication; and

   5.   Activity: Requires you to provide a description of each action, occurrence, transaction, or conduct, the date it occurred, the location at which it occurred and the identity of all persons involved.

N.   The term "Claim File" means the claim files and "field file(s)", whether kept in paper or electronic (computer or digital) format, including but not limited to, all documents, file jackets, file notes, email messages, text messages, photographs, videos, claims diary or journal entries, log notes, handwritten notes, records of oral communications, correspondence, photographs, diagrams, estimates, reports,

19

recommendations, invoices, memoranda and drafts of documents regarding the Claim.

## NOTICE OF AUTHENTICATION

You are advised that pursuant to Tex. R. Civ. P. 193.7, Plaintiff intends to use all documents exchanged and produced between the parties, including but not limited to correspondence and discovery responses during the trial of the above-entitled and numbered cause.

### REQUEST FOR ADMISSION NO. 1:
Admit that on the Date of Loss the Property sustained damages caused by vandalism.

### REQUEST FOR ADMISSION NO. 2:
Admit that as of the Date of Loss the Policy was in full force and effect.

### REQUEST FOR ADMISSION NO. 3:
Admit that as of the Date of Loss all premiums were fully paid under the Policy.

### REQUEST FOR ADMISSION NO. 4:
Admit that the Policy is a replacement cost value policy.

### REQUEST FOR ADMISSION NO. 5:
Admit that the Policy is an actual cash value policy.

### REQUEST FOR ADMISSION NO. 6:
Admit that aside from the Claim at issue, Plaintiff has never previously submitted a claim to you for damage to the Property.

### REQUEST FOR ADMISSION NO. 7:
Admit that Plaintiff timely submitted the Claim.

### REQUEST FOR ADMISSION NO. 8:
Admit that Defendant's decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the basis that some of the claimed damages are not covered by the Policy.

20

**REQUEST FOR ADMISSION NO. 9:**
Admit that you depreciated the cost of labor when determining the actual cash value of the Claim.

**REQUEST FOR ADMISSION NO. 10:**
Admit that the adjusters assigned to investigate the Claim did not review the underwriting file at any time during the adjustment of the Claim.

**INTERROGATORY NO. 1**:
If you have denied any of the preceding Requests for Admission, for each such Request for Admission that you have denied, explain all of your reasons for each such denial.

**REQUEST FOR PRODUCTION NO. 1:** Produce (1) the documents that do, or may, support your denial of each Request for Admission that you have denied; and (2) the relevant documents that do not, or may not, support your denial of each Request for Admission that you have denied.

**INTERROGATORY NO. 2**:
Identify all persons answering or supplying any information in answering these Interrogatories.

**INTERROGATORY NO. 3**:
Identify all persons who were involved in evaluating Plaintiff's claim and provide the following information for each person you identify: (a) their name and job title(s) as of the Date of Loss; (b) their employer; and (c) description of their involvement with Plaintiff's Claim.

**INTERROGATORY NO. 4**:
If you contend that some or all of the damages to the Property were not covered losses under the Policy, describe: (a) the scope, cause and origin, and amount of the damages you contend are not covered losses under the Policy; and (b) the term(s) or exclusion(s) of the Policy you rely upon in support of your decision(s) regarding the Claim.

**INTERROGATORY NO. 5**:
State whether the initial estimate you made of the amount of Plaintiff's valid claims under the Policy was revised or reconciled, and if so, state what was changed, who did it, and when.

21

**REQUEST FOR PRODUCTION NO. 2:**
Produce (1) the documents that do, or may, support your response to the immediately preceding Interrogatory; and (2) the relevant documents that do not, or may not, support your response to the immediately preceding Interrogatory.

**INTERROGATORY NO. 6:**
If you contend that any of the losses or damage to the Property at issue in this case was caused by theft, please (1) state the amount of theft losses and/or damages you contend are not owed under the Policy, (2) explain how you determined this amount; and (3) identify the person or persons who made this determination on behalf of Defendant.

**REQUEST FOR PRODUCTION NO. 3:**
Produce (1) the documents that do, or may, support your response to the immediately preceding Interrogatory; and (2) the relevant documents that do not, or may not, support your response to the immediately preceding Interrogatory.

**INTERROGATORY NO. 7:**
If you contend that Plaintiff did not provide you with requested information that was required to properly evaluate Plaintiff's Claim under the Policy, identify the information that was requested and not provided, and the dates you made each requests and to whom.

**INTERROGATORY NO. 8:**
If you contend that Plaintiff's acts or omissions voided, nullified, waived or breached the Policy in any way, state the factual basis for any such contention.

**INTERROGATORY NO. 9:**
If you contend that Plaintiff failed to satisfy a condition precedent or covenant of the Policy in any way, state the factual basis for any such contention.

**INTERROGATORY NO. 10:**
Identify the date you first anticipated litigation with Plaintiff regarding her claims under the Policy, and state briefly why you did so.

**INTERROGATORY NO. 11:**
State the factual basis for each of your affirmative defenses (if any).

**REQUEST FOR PRODUCTION NO. 4:**
Produce (1) the documents that do, or may, support your response to the immediately preceding Interrogatory; and (2) the relevant documents that do not, or may not, support your response to the immediately preceding Interrogatory.

**INTERROGATORY NO. 12**:
If you contend that Plaintiff failed to provide proper notice of the claim made the basis of this lawsuit, describe how the notice was deficient, and full describe any resulting prejudice to you.

**INTERROGATORY NO. 13**:
If you contend that Plaintiff failed to mitigate her damages, fully describe how Plaintiff failed to do so, and fully explain any resulting prejudice to you.

**INTERROGATORY NO. 14**:
Identify all items concerning Plaintiffs claims in this Lawsuit to which Defendant applied depreciation, stating the amount of the same for each item, and explain how such depreciation was calculated.

**REQUEST FOR PRODUCTION NO. 5:**
Produce your guidelines, training documents, and other materials you use in determining how much depreciation should be deducted from the types of property damaged by vandalism in this case.

**REQUEST FOR PRODUCTION NO. 6:**
Produce a certified copy of all Policies you issued to Plaintiff for the Property that were in effect on the Date of Loss.

**REQUEST FOR PRODUCTION NO. 7:**
Produce a copy of the declarations pages you issued for the Property that was in effect on the Date of Loss.

**REQUEST FOR PRODUCTION NO. 8:**
Produce your complete Underwriting File for Plaintiff's policy (or prior policies) of insurance with you.

**REQUEST FOR PRODUCTION NO. 9:**
Produce a copy of all documents reflecting communications between Defendant and Brush Country Claims Service, Ltd (or any similarly named entity, such as Brush Country Group, LLC) regarding the Claim and/or the Property.

**REQUEST FOR PRODUCTION NO. 10:**
Produce a copy of all documents reflecting communications between Defendant and Markel Corporation (or any similarly named entity, or any affiliate or subsidiary of Markel Corporation) regarding the Claim and/or the Property.

**REQUEST FOR PRODUCTION NO. 11:**
Produce a copy of all documents reflecting communications between Defendant and Calvary Construction (or any similarly named entity) regarding the Claim and/or the Property.

**REQUEST FOR PRODUCTION NO. 12:**
Produce a copy of all documents reflecting communications between Defendant and Brian C. Wright (who is likely an employee or independent contractor employed by or affiliated with Calvary Construction) regarding the Claim and/or the Property.

**REQUEST FOR PRODUCTION NO. 13:**
Produce a copy of all documents reflecting communications between Brush Country Claims Service, Ltd (or any similarly named entity) and Calvary Construction (or any similarly named entity, and also including Brian C. Wright) regarding the Claim and/or the Property.

**REQUEST FOR PRODUCTION NO. 14:**
Produce a copy of all loss reports, statements of loss and/or claim, claim reports, evaluations, assessments, or any similar documents, in your possession or control relating to the Claim and/or the Property.

**REQUEST FOR PRODUCTION NO. 15:**
Produce all documents (including reports, surveys, appraisals, damage estimates, proof of loss, or adjuster's report(s)) referring to the Claim, the Property, and/or damage to the Property.

24

**REQUEST FOR PRODUCTION NO. 16:**
Produce your complete Claim File regarding the Claim, including all documents and communications regarding the Claim.

**REQUEST FOR PRODUCTION NO. 17:**
Produce the Claim Files regarding the Claim of any third-party you hired and/or retained to investigate, consult on, handle and/or adjust the Claim (including, but not limited to, Brush Country Claims, Ltd, Brush Country Group, LLC, and Markel Corporation.)

**REQUEST FOR PRODUCTION NO. 18:**
If you contend that any prior claims Plaintiff submitted for damages to the Property affected your decision in relation to the Claim at issue, produce the complete Claim File regarding those prior claim(s).

**REQUEST FOR PRODUCTION NO. 19:**
If you contend that any prior claims Plaintiff submitted for damages to the Property affected your decision in relation to the Claim at issue, produce a certified copy of all policies you issued to Plaintiff for the Property that were in effect during the handling of those claim(s).

**REQUEST FOR PRODUCTION NO. 20:**
Produce all documents Plaintiff (or any person acting on her behalf other than her legal counsel in the Lawsuit) provided to you relating to the Claim and/or the Property.

**REQUEST FOR PRODUCTION NO. 21:**
Produce all documents you provided to Plaintiff (or any other person) relating to the Claim or the Property. This does not include communications between counsel for Plaintiff and counsel for Defendant.

**REQUEST FOR PRODUCTION NO. 22:**
Produce color copies of all visual reproductions of the Property taken either prior to, at the time of, or after the Date of Loss (including diagrams, drawings, photographs, video records, videotapes, or other information).

**REQUEST FOR PRODUCTION NO. 23:**

Produce all communications between any of your claims personnel, claims handlers, field adjusters, office adjusters, and their direct or indirect supervisors related to the investigation, handling, and settlement of Plaintiff's Claim.

**REQUEST FOR PRODUCTION NO. 24:**

Produce all written communications you sent to, or received from, any independent adjusters, engineers, contractors, estimators, consultants or other third-parties who participated in investigating, handling, consulting on, and/or adjusting Plaintiff's Claim.

**REQUEST FOR PRODUCTION NO. 25:**

Produce all written and/or electronic communications you sent to, or received from, Plaintiff's insurance agent related to the Claim, the Property, the Plaintiff or this Lawsuit.

**REQUEST FOR PRODUCTION NO. 26:**

Produce all written and/or electronic communications you sent to, or received from, any local, state, or governmental entity related to the Claim, the Property, Plaintiff and/or the Lawsuit.

**REQUEST FOR PRODUCTION NO. 27:**

Produce all written and/or electronic communications you sent to, or received, from Plaintiff and/or any other named insured on the Policy related to the Claim, the Property, and/or the Lawsuit. This does not include communications between counsel for Plaintiff and counsel for Defendant.

**REQUEST FOR PRODUCTION NO. 28:**

Produce your claim handling manual(s) (including operating guidelines) in effect on the Date of Loss related to your claims practices, procedures, and standards for property losses for vandalism claims (including differentiating between losses caused by vandalism and those caused by theft), for persons handling vandalism claims on your behalf.

**REQUEST FOR PRODUCTION NO. 29:**

Produce your claim handling manual(s) (including operating guidelines) in effect on the Date of Loss related to your claims practices, procedures and standards for calculating appropriate depreciation deductions for the type of property that was damaged regarding the Claim.

**REQUEST FOR PRODUCTION NO. 30:**

Produce your property claims training manual and materials in effect on the Date of Loss, for persons handling, investigating and adjusting claims of the type involved in the Lawsuit.

**REQUEST FOR PRODUCTION NO. 31:**

Produce the contract(s), agreement(s) and/or written understanding(s) with any independent adjusters or adjusting firms (including but not limited to, Markel Corporation, Brush Country Claims Service, Ltd., and/or Calvary Construction) who you retained to investigate, handle, and/or adjust (and submit bids to repair in the case of Calvary Construction) Plaintiff's Claim on your behalf that were in effect on the Date of Loss.

**REQUEST FOR PRODUCTION NO. 32:**

Produce the contract(s), agreement(s) and/or written understanding(s) with any engineers and/or engineering firms you retained to investigate, handle and/or adjust Plaintiff's Claim on your behalf that were in effect at the time of his/her investigation, handling and/or adjustment of Plaintiff's Claim, either pre-lawsuit or post-lawsuit.

**REQUEST FOR PRODUCTION NO. 33:**

Produce all billing details showing the amounts you paid or for which you were billed by adjuster, adjusting firm or company, contractor, and/or any engineer and/or engineering firm who inspected Plaintiff's Property in connection with the Claim, whether pre-lawsuit or post-lawsuit.

**REQUEST FOR PRODUCTION NO. 34:**

Produce the "Pay sheet," "Payment Log," or list of payments made on Plaintiff's Claim, including all indemnity, claim expenses, and payments made to third-parties.

**REQUEST FOR PRODUCTION NO. 35:**

Produce all billing statements (including billing detail) showing the amounts you paid or for which you were billed by any independent adjusters or adjusting firms who inspected the Property in connection with the Claim.

**REQUEST FOR PRODUCTION NO. 36:**

Produce all estimates, reports or memoranda, including drafts of the same, created for you or by any independent adjusters or adjusting firms (including but not limited to Markel Corporation, Brush Country Claims Service, Ltd., and/or Calvary Construction) in connection with the Claim.

**REQUEST FOR PRODUCTION NO. 37:**

Produce all estimates, reports, or memoranda, including drafts of the same, created for you by any engineers and/or engineering firms in connection with the Claim.

**REQUEST FOR PRODUCTION NO. 38:**

Produce all statements given by anyone, oral or written, to you or any of your agents, related to Plaintiff's Claim and/or any issue in Plaintiffs current Petition or Complaint.

**REQUEST FOR PRODUCTION NO. 39:**

Pursuant to the applicable Rules of Evidence, produce all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

**REQUEST FOR PRODUCTION NO. 40:**

Produce all documents you identified, referred to, or relied upon in answering Plaintiff's interrogatories.

**REQUEST FOR PRODUCTION NO. 41:**

Produce all non-privileged documents you identified, referred to, or relied upon in developing, answering and/or formulating your Answer and/or any affirmative defenses to Plaintiff's current Petition or Complaint.

Liu—1800 Staples/Pleadings/ Plaintiff's Original Petition V.2

28

Display company profile content

Page 1 of 4

2019DCV-1115-E

## Texas Department of Insurance

333 Guadalupe St. P.O. Box 149104 Austin, TX 78714-9104

# EVANSTON INSURANCE COMPANY

Skip over these navigation links.

Show Explanation of Terms

**Table of Contents**

General Info | Contact Info | Types of Insurance | Use of Credit | Attorney for Service | Ratings | Financial Info | Premiums | Complaint Ratios | Company History | Company Officers

## General Information:

Return to top.

| | |
|---|---|
| **Type of Entity:** | Surplus Lines (SL) |
| **Status of TX License:** | Eligible |
| **Company Status:** | Normal Operations |
| **License Number:** | 101054 |
| **NAIC Number:** | 35378 |
| **TDI Company Number:** | 101054 |
| **FEIN:** | 362950161 |
| **Home City/State:** | IL |
| **Origin:** | Foreign |
| **Date Incorporated/Organized:** | 08/01/1977 |
| **Date Licensed/Eligible/Registered in Texas:** | 01/01/1981 |
| **Date Cancelled/Ineligible/Inactive:** | |

## Contact Information:

Return to top.

| | |
|---|---|
| **Mailing Address:** | 10 Parkway North<br>Deerfield IL 60015 |
| **Office Number:** | (847)572-6387 |
| **Toll Free Number:** | |
| **Fax Number:** | |

## Types of Insurance Licensed to Write:

Return to top.



- No information found.

## Use of Credit:

Return to top.

To determine if a company uses credit information for private passenger automobile or homeowners insurance.

```
          Click Here for Use of Credit
```

## Attorney for Service:

Return to top.

```
Click Here for Attorney for Service Guidelines
```

- No information found.

## Rating By Financial Organization:

Return to top.

The following organizations rate insurance companies on their financial strength and stability. Some of these companies charge for their services.

A.M. Best
Weiss Ratings Inc.
Standard & Poor's
Moody's Investors Service
Fitch IBCA, Duff and Phelps Ratings

## Financial Information:

Return to top.

| As of: | Dec. 31, 2016 | Dec. 31, 2017 | Dec. 31, 2018 |
|---|---|---|---|
| Total Assets | $4,413,721,219 | $4,512,488,932 | N/A |
| Total Liabilities | $3,129,277,735 | $3,136,845,180 | N/A |
| Asset to Liability Ratio | 1.41 | 1.44 | N/A |
| Capital | $8,251,229 | $8,251,229 | N/A |
| Net Surplus | $1,276,192,255 | $1,367,392,523 | N/A |
| Total Life Ins | N/A | N/A | N/A |

## Premiums:

Return to top.

| As of: | Dec. 31, 2016 | Dec. 31, 2017 | Dec. 31, 2018 |
|---|---|---|---|
| Life and Annuities | N/A | N/A | N/A |
| Accident and Health | $700,131 | $23,435 | N/A |
| Property and Casualty | $176,912,456 | $187,179,166 | N/A |

Display company profile content                                          Page 3 of 4

| | | | |
|---|---|---|---|
| Total Texas Premium | $177,612,587 | $187,202,601 | N/A |
| National Premium | $1,233,685,425 | $1,266,709,566 | N/A |

## Complaint Information:

Return to top.

When considering the company's complaint index and ratio, be sure to review the company history information displayed below for recent acquisitions, mergers, or other events that may affect the figures displayed for this company.

| | Dec 31, 2017 | | Dec 31, 2018 | | Feb 15, 2019 |
|---|---|---|---|---|---|
| Confirmed Complaints: | | | | | |
| Life and Annuity | 0 | | 0 | | 0 |
| Accident and Health | 0 | | 0 | | 0 |
| Homeowner | 0 | | 0 | | 0 |
| Automobile | 0 | | 0 | | 0 |
| Workers' Compensation | 0 | | 0 | | 0 |
| Complaint Ratio/Index | Ratio | Index | Ratio | Index | |
| Life and Annuities | N/A | N/A | N/A | N/A | N/A |
| Accident and Health | .0000 | .0000 | N/A | N/A | N/A |
| Homeowner | .0000 | .0000 | N/A | N/A | N/A |
| Automobile | .0000 | .0000 | N/A | N/A | N/A |
| Workers' Compensation | N/A | N/A | N/A | N/A | N/A |

**Confirmed Complaints:** the number of confirmed complaints closed against the company for the line of insurance and year indicated. A complaint is confirmed if the department receives information indicating that a company committed any violation of an applicable state insurance law or regulation, a federal requirement the department has authority to enforce or the term or condition of an insurance policy or certificate. A complaint is also confirmed if the complaint and company's response, considered together, suggest that the company was in error or that the complainant had a valid reason for the complaint.

**Complaint Ratios:** the ratio, expressed as a percentage, is the number of closed confirmed complaints divided by the number of policies the company had in force for the line of insurance and year indicated.

**Complaint Index:** indicates how a company's ratio of the number of complaints to the number of policyholders compares to the average for all insurers. The index is calculated by dividing the company's percentage of complaints for a specific line of insurance by the company's percentage of the policies in force for the same line of insurance. The average index is 1.00. A number less than 1 indicates fewer complaints than average; a number greater than 1 indicates more complaints than average. For the most recent completed year, a given insurer's index may change over time, as policy count data is received by TDI. This will affect each insurer's percentage of the total.

Complaints against an insurance company are not part of the complaint tally above if the insurance company served only as a Third Party Administrator (TPA), a company hired simply to administer the paperwork of a health plan. Instead, they are included in the complaint record of the insurance company or HMO that hired the TPA. If a bonafide self-insured benefit plan hired the TPA, no complaint numbers are recorded as a part of the company/TPA's profile. Neither are profiles available for self-insured plans, as such plans are regulated under federal law.

Display company profile content                                          Page 4 of 4

## Company History:

Return to top.

| Date | Event |
|---|---|
| 06-28-2005 | ACCREDITED REINSURER CERTIFICATION EFFECTIVE 06/28/2005 |
| 01-01-1981 | SURPLUS LINES ELIGIBILITY |

## Company Officers:

Return to top.

For names of the company's current officers, please contact the company at the phone number listed in the Contact Information above or on their website.

Tim Dowling

| | |
|---|---|
| om: | Cass Gabriel <cassgabriel@mac.com> |
| Sent: | Thursday, December 06, 2018 12:58 PM |
| To: | Tim Dowling |
| Subject: | Email policy limits from sam |

Begin forwarded message:

From: "Sam B. Gutierrez" <sam@cblnews.com>
Subject: FW: Shumei Lui - Clami Number P043179 - 1800 & 1801 S. Staples update
Date: February 6, 2018 at 11:34:55 AM CST
To: 'Cass Gabriel' <cassgabriel@mac.com>

Cas.

The policy on these buildings is for ACV (Actual Cash Value) which
represents the cost to replace the damaged portions of the property at
today's cost minus the depreciation, which is substantial given the age and
condition of the buildings.

Nevertheless, with all the bids in for the electrical, HVAC,
Data/Communication systems, the elevators and my estimate for the interior
repairs, the ACV (Actual Cash Value) damages exceed the policy limits. My
recommendation will be that the policy limits be paid for each building.

I am in the process of submitting all the necessary information and
documentation to the carrier.

If you have any questions, please call me.

Sam B. Gutierrez
Independent Adjuster
Brush Country Claims
sam@cblnews.com
Cellular: 361.232.2513

-----Original Message-----
From: Sam B. Gutierrez [mailto:sam@cblnews.com]
Sent: Tuesday, February 6, 2018 6:22 AM
To: 'Cass Gabriel'
Subject: RE: Shumei Lui - Clami Number P043179 - 1800 & 1801 S. Staples
update

Cas,



1

Tim Dowling

| | |
|---|---|
| From: | Cass Gabriel <cassgabriel@mac.com> |
| Sent: | Thursday, August 16, 2018 11:48 AM |
| To: | Tim Dowling |
| Subject: | Fwd: Staples |

First adjuster says damages exceeded policy limits

Begin forwarded message:

From: "Sam B. Gutierrez" <sam@cblnews.com>
Subject: RE: Staples
Date: February 13, 2018 at 5:44:23 PM CST
To: 'Cass Gabriel' <cassgabriel@mac.com>
Cc: 'Keith Eggland' <keggland@bcc-ltd.com>

Cass.

All the bids for the electrical, HVAC, Data/Communication systems, the elevators have been received and included in my estimate for the interior repairs to both buildings. The ACV (Actual Cash Value) of all the damages combined exceed the policy limits.

All the necessary information and documentation has been forwarded to the insurance carrier including my estimate and all the contractor proposals. Since this is a large loss that exceeds any one person's authority to issue payment, it will probably go before a committee for review and settlement. At that point they will review the claim package we sent which includes all the information above and make a final determination.

If you have any questions, please call me.

Sam B. Gutierrez
Independent Adjuster
Brush Country Claims
sam@cblnews.com
Cellular: 361.232.2513

-----Original Message-----
From: Cass Gabriel [mailto:cassgabriel@mac.com]
Sent: Tuesday, February 13, 2018 12:36 PM
To: sam@cblnews.com
Subject: Staples


Sam.

I haven't received any updates or communications on this.

1

②

2019DCV-1115-E


Search        Menu

Home (/) › Claims

# Markel Claims

The Markel Claims department seeks to be the premier claims handling organization in the industry and is committed to providing superior service to our customers and business partners. We hold ourselves to the highest ethical and professional standards and we provide prompt, fair, and equitable claims service. We utilize and retain the services of law firms, independent adjusters, and experts that adhere to our same standards. We communicate claims information internally and externally that is timely, accurate, and substantive.



## File a claim

US and Bermuda, Reinsurance, and International claims.

**Learn more(/claims/file-a-claim)**

## Vendor services

To learn more about Claims vendor management, please visit our vendor services page.

**Learn more(/claims/vendor-services)**

## Leadership and feedback

Nick Conca leads Markel Claims. If you have questions, comments, or feedback, please share with us by clicking below.
**Claims feedback(mailto:markelclair**



Careers at Markel (https://markelcorp.wd5.myworkdayjobs.com/Glob

https://www.markelcorp.com/claims

2/22/2019

(https://www.markelcorp.com/ebrochures/markel-
at-
a-
Markel at a glance glance/)

Information for
(/investor-
investors relations)

(/home)

**Learn more**

About Markel
(/about-markel)

Insurance
(/insurance)

Claims (/claims)

Careers (/careers)

Investor relations
(/investor-
relations)

Contact us
(/contact-us)

**Our company**

Assurance (/markel-
assurance)

Specialty (/specialty)

International (/markel-
international)

State National (/state-
national)

Global Reinsurance (/global-
reinsurance)

CATCo (/markel-catco)

Nephila (/nephila)

Markel Ventures (/markel-
ventures)

**Site tools**

Legal disclaimer
and privacy
policy (/privacy-
policy)

State emergency
orders (/state-
emergency-
orders)

Fraud hotline
(/fraud-hotline)

**Social**

in
(https://www.linkedin.com/company/markel-
(https://www.facebook.com/MarkelCorp/)

© Markel Corporation. All rights reserved 2019.

>